

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 26, 2020

Via ECF
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *Rural & Migrant Ministry et al. v. U.S. Environmental Protection Agency et al.*,
           20 Civ. 10645 (LJL) [rel. 20 Civ. 10642 (LJL)]

Dear Judge Liman:

    This Office represents defendants (together, "EPA") in this matter. I write respectfully in response to the Court's request at argument on December 23, 2020, for briefing on the application of the stay provision of the Administrative Procedure Act ("APA"), 5 U.S.C. § 705.

    As stated in EPA's brief, a request by plaintiffs for a court order to delay implementation of a rule under 5 U.S.C. § 705 is governed by the same standards as the issuance of a preliminary injunction. Dkt. No. 30 ("EPA Br.") at 10 (citing *New York v. U.S. Dep't of Educ.*, — F. Supp. 3d. —, No. 20 Civ. 4260 (JGK), 2020 WL 4581595, at \*5 (S.D.N.Y. Aug. 9, 2020)). It has long been the law of the Second Circuit that stays of administrative action are governed by these requirements. *Eastern Air Lines, Inc. v. Civil Aeronautics Board*, 261 F.2d 830, 830 (2d Cir. 1958);[1] *accord, e.g.*, *Cronin v. U.S. Dep't of Agric.*, 919 F.2d 439, 446 (7th Cir. 1990). That is, plaintiffs seeking a stay must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in their favor, and that a stay is in the public interest. *Cf. Winter v. NRDC, Inc.,* 555 U.S. 7, 20 (2008).

    The text of § 705 itself indicates that the Court's analysis should be guided by the same types of equitable considerations that apply in the context of preliminary injunctive relief. The provision states that the Court may enter such an order only "to the extent necessary to prevent irreparable injury," and "[o]n such conditions as may be required," 5 U.S.C. § 705—requiring that any stay under § 705 must be narrowly tailored to the injury demonstrated by the plaintiffs, and subject to appropriate conditions to carry out this goal. Moreover, § 705 provides that a court "*may* issue all necessary and appropriate process to postpone the effective date of an agency action . . . pending conclusion of the review proceedings," *id.* (emphasis added)—suggesting that the Court's "equitable discretion" is at play. *Cf. Winter*, 555 U.S. at 32.

    Second Circuit precedent also indicates that the same equitable principles and limitations apply to an order under 5 U.S.C. § 705 as apply to the issuance of preliminary injunctive relief.

---

[1] *Eastern Air Lines* cited the contemporary codification of the APA's stay provision, but that version was materially the same as the modern § 705. *See* 5 U.S.C. § 1009(d) (1958).

Notably, in *New York v. DHS*, the district court issued a stay of the rule in question under § 705 "for the same reasons it grant[ed] the injunction," without further analysis specific to the stay. 408 F. Supp. 3d 334, 353 (S.D.N.Y. 2019). On appeal, the Second Circuit—recognizing that the district court had issued both types of relief, 969 F.3d 42, 58 & n.14 (2d Cir. 2020)—narrowed the scope of the relief ordered by the district court, presumably under both provisions, *see id.* at 88-89. Thus, relief under § 705, as with other types of injunctive relief, must be "limited to the inadequacy that produced the injury in fact that the plaintiff has established." *Gill v. Whitford*, 138 S. Ct. 1916, 1921 (2018) (quotation marks omitted).

Only a few courts appear to have addressed the precise question of whether relief under § 705 carries with it the same equitable limitations as other injunctive relief. For instance, the court in *Casa de Maryland, Inc. v. Wolf* considered the question and concluded that—despite the statutory language of § 705—it was "bound to draw . . . preliminary relief, even in the APA context, narrowly, and to avoid issuance of nationwide injunctions absent the most extraordinary circumstances." — F. Supp. 3d. —, No. 20 Civ. 2118, 2020 WL 5500165, at *32 (D. Md. Sept. 11, 2020). Considering a recent Fourth Circuit decision that rejected the propriety of nationwide relief against a rule,[2] the *Casa* court concluded that a § 705 stay should be limited to the plaintiffs in the case who had established standing, and also limited as to the specific "rule changes" as to which those plaintiffs had demonstrated standing. *Id.* at *32-34.

Another district court recently concluded that "§ 705 must be read to authorize relief from agency action for any person otherwise subject to the action, not just as to plaintiffs." *District of Columbia v. U.S. Dep't of Agric.*, 444 F. Supp. 3d 1, 48 (D.D.C. 2020). But even if § 705 may be read to *authorize* broader relief, it should be granted only in limited circumstances, *i.e.*, where Article III precepts allow and principles of equity require it. *See New York*, 969 F.3d at 87-88; *cf. Hecht Co. v. Bowles*, 321 U.S. 321, 328-30 (1944) (concluding that statutory text directing that an injunction "shall be granted" with respect to violation of a particular statute was insufficient to displace principles of "traditional equity practice").

Plaintiffs have not established that nationwide and rule-wide relief is necessary to remedy the harms they allege. *See* EPA Br. at 29-30. If the Court concludes that some type of equitable relief is appropriate, that relief should be tailored to affect only (1) the harms that Plaintiffs can establish specifically as to themselves or their members, and (2) the portions of EPA's 2020 Rule as to which Plaintiffs have shown a likelihood both of success on the merits and of irreparable harm absent equitable relief. *See New York*, 969 F.3d at 88; *Eastern Air Lines*, 261 F.2d at 830. Plaintiffs do not challenge several aspects of the rule, *see* EPA Br. at 9 n.2, which should not be enjoined or stayed, and the Court should also decline to enjoin all discrete portions of the Rule as to which Plaintiffs have failed to carry their burden.[3] *See Casa*, 2020 WL 5500165, at *33-34.

---

[2] The Fourth Circuit later decided to rehear the relevant case *en banc*. *See CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 258 (4th Cir.), *reh'g en banc granted*, 981 F.3d 311 (4th Cir. 2020).

[3] The 2020 Rule includes a severability provision providing that if "any individual provision or part of this rule is invalidated, [EPA] intends that this would not render the entire rule invalid, and that any individual provisions that can continue to operate will be left in place." 2020 Rule, 85 Fed. Reg. 68,760, 68,779 (Oct. 30, 2020).

Thank you for your consideration of this matter.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By:    /s/ Samuel Dolinger
SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov

cc: Counsel of record (via ECF)