UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, STATE OF CALIFORNIA, STATE OF ILLINOIS, STATE OF MARYLAND, and STATE OF MINNESOTA,<br><br>                      Plaintiffs,<br><br>RURAL & MIGRANT MINISTRY, ALIANZA NACIONAL DE CAMPESINAS, EL COMITE DE APOYO A LOS TRABAJADORES AGRÍCOLAS, FARMWORKER ASSOCIATION OF FLORIDA, MIGRANT CLINICIANS NETWORK, PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE, RURAL COALITION, UNITED FARM WORKERS, and UNITED FARM WORKERS FOUNDATION,<br><br>                      Consolidated Plaintiffs,<br><br>                      -v-<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency,<br><br>                      Defendants. | 20 Civ. 10642 (LJL)<br>(Consolidated)<br><br>**[PROPOSED] TWELFTH STIPULATION AND CONSENT ORDER FURTHER EXTENDING STAY AND INJUNCTION** |

        WHEREAS on December 16, 2020, plaintiffs Rural & Migrant Ministry, Alianza Nacional de Campesinas, El Comite de Apoyo a Los Trabajadores Agrícolas, Farmworker Association of Florida, Migrant Clinicians Network, Pineros y Campesinos Unidos del Noroeste, Rural Coalition, United Farm Workers, and United Farm Workers Foundation (together, "Organizational Plaintiffs") filed an action, No. 20 Civ. 10645, asserting claims under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, challenging a regulation

promulgated by the U.S. Environmental Protection Agency ("EPA"), Pesticides—Agricultural Worker Protection Standard: Revision of the Application Exclusion Zone Requirements ("2020 Rule"), 85 Fed. Reg. 68,760 (Oct. 30, 2020);

WHEREAS also on December 16, 2020, the states of New York, California, Illinois, Maryland, and Minnesota (together, "State Plaintiffs") also filed an action, No. 20 Civ. 10642, asserting claims challenging the 2020 Rule under the APA;

WHEREAS on December 28, 2020, the Court issued a temporary restraining order and stay postponing the effective date of the 2020 Rule until January 11, 2021, and issued an Opinion and Order the following day, *see* No. 20 Civ. 10645, Dkt. Nos. 35, 37;

WHEREAS on January 7, 2021, EPA advised the Court that it had identified an error in information underlying the 2020 Rule and needed sufficient time to evaluate the issue and determine its effect, if any, on the 2020 Rule, *see* Dkt. No. 17;

WHEREAS since that time the effective date of the 2020 Rule has subsequently been stayed and restrained, both by orders of the Court and subsequently by stipulations between the parties, *see* Dkt. Nos. 19, 30, 40, 45, 50, 55, 57, 62, 64, 67, 72, 77, 79, 81;

WHEREAS the parties have discussed possible means by which EPA may proceed with respect to the 2020 Rule and whereby these consolidated actions may be resolved;

WHEREAS on May 16, 2022, EPA published a notice in the Federal Register regarding the stay of the effective date of the 2020 Rule; the current status and operative regulatory language for EPA's Agricultural Worker Protection Standard in light of the stay of the 2020 Rule; and EPA's commencement of a rulemaking effort in this area, *see* Pesticides—Agricultural Worker Protection Standard: Revision of the Application Exclusion Zone Requirements; Court Order; Stay of Effectiveness, 87 Fed. Reg. 29,673 (May 16, 2022);

WHEREAS on December 2, 2022, EPA published a notice in the Federal Register stating that the EPA Administrator forwarded to the Secretary of the United States Department of Agriculture a draft proposed rulemaking document entitled "Pesticides; Agricultural Worker Protection Standard; Reconsideration of the Application Exclusion Zone Amendments," *see* Notification of Submission to the Secretary of Agriculture; Pesticides; Agricultural Worker Protection Standard; Reconsideration of the Application Exclusion Zone Amendments, 87 Fed. Reg. 74,072 (Dec. 2, 2022);

WHEREAS on February 15, 2023, the EPA Administrator signed a proposed rule entitled Pesticides; Agricultural Worker Protection Standard; Reconsideration of the Application Exclusion Zone Amendments, which was published in the Federal Register on March 13, 2023, 88 Fed. Reg. 15,346 (Mar. 13, 2023);

WHEREAS EPA accepted public comments on the proposed rule until May 12, 2023;

WHEREAS on July 9, 2024, EPA submitted a draft final rule to the Secretary of Agriculture, *see* Notification of Submission to the Secretary of Agriculture; Draft Final Rule; Pesticides; Agricultural Worker Protection Standard; Reconsideration of the Application Exclusion Zone Amendments, 89 Fed. Reg. 57,770 (July 26, 2024); and

WHEREAS the parties therefore believe a further stay of the effective date of the 2020 Rule is appropriate;

NOW, THEREFORE, it is stipulated and agreed, and the Court hereby orders, as follows:

1.    With the consent of the Organizational Plaintiffs and EPA,[1] the stay of the effective date of the 2020 Rule under 5 U.S.C. § 705 shall be further extended through October

---

[1] The State Plaintiffs consent to the relief requested in this Stipulation and Consent Order.

7, 2024, and the preliminary injunction shall likewise be extended such that it enjoins and restrains EPA from taking any action to make effective the 2020 Rule through the same date.

2.      All proceedings in these consolidated actions, including the deadlines to answer or otherwise respond to the complaints in these consolidated actions, shall be stayed through October 7, 2024.

3.      EPA shall provide a status update by September 30, 2024.

4.      Counsel for EPA will file this Stipulation and Consent Order via ECF on behalf of all parties. Pursuant to Section 8.5(b) of the Electronic Case Filing Rules & Instructions of the U.S. District Court, Southern District of New York, counsel for all parties consent to the electronic filing of this Stipulation and Consent Order by counsel for EPA.

5.      The terms of this Stipulation and Consent Order shall become effective upon its entry by the Court. If the Stipulation and Consent Order is not approved and entered by the Court, it shall be null and void, with no force or effect.

Dated: August 15, 2024

    /s/ Carrie Apfel[2]
Carrie Apfel
Kara Goad
Earthjustice
1001 G Street, NW, Suite 1000
Washington, DC 20001
capfel@earthjustice.org
kgoad@earthjustice.org
Eve Gartner
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
egartner@earthjustice.org

*Counsel for the Organizational Plaintiffs*

---

[2] Consent for signature obtained pursuant to S.D.N.Y. ECF Rule 8.5(b).

Dated: August 15, 2024

                                  DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   s/ Anthony J. Sun
      SAMUEL DOLINGER
      ANTHONY J. SUN
      Assistant United States Attorneys
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Tel.: (212) 637-2677 / 2810
      samuel.dolinger@usdoj.gov
      anthony.sun@usdoj.gov

*Counsel for Defendants*

SO ORDERED:

_____
HONORABLE LEWIS J. LIMAN
United States District Judge

Dated: _____
       New York, New York

5